# Exhibit A

1

2

3

4

5                IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                     FOR THE COUNTY OF DESCHUTES

7    ST. CHARLES HEALTH SYSTEM, INC., an
     Oregon nonprofit corporation,
8                                              Case No.
                        Plaintiff,
9                                              **COMPLAINT**
         v.
10                                             NOT SUBJECT TO MANDATORY
     OREGON FEDERATION OF NURSES AND            ARBITRATION
11   HEALTH PROFESSIONALS, LOCAL 5017,
     AFT, AFL-CIO,                             Claim for Injunctive Relief
12                                             Filing Fee: $281.00
                        Defendant.             Statutory Authority: ORS 21.135(1), (2)(a)
13

14
         Plaintiff St. Charles Health System, Inc. ("Plaintiff") alleges as follows:
15
                                        1.
16
         Plaintiff is an Oregon nonprofit corporation organized under the laws of Oregon.
17
                                        2.
18
         Plaintiff is a healthcare provider in Bend, Oregon.
19
                                        3.
20
         Defendant Oregon Federation of Nurses and Health Professionals, Local 5017, AFT,
21
     AFL, CIO ("Defendant") is a labor organization organized under the laws of Oregon.
22
                                        4.
23
         Defendant and Plaintiff are currently negotiating the first Collective Bargaining
24
     Agreement ("CBA") between the parties, to cover approximately 150 newly-unionized technical
25
     employees of Plaintiff.
26

Page 1 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

5.

1    The National Labor Relations Act ("NLRA") governs unionizing efforts and CBA

2    negotiations, among other things.

3    6.

4    The NLRA contains requirements with which unionized healthcare workers must comply

5    before they may lawfully strike.  One of these requirements is that when negotiating a first

6    contract with a hospital, a union must provide thirty days' notice of a dispute to the Federal

7    Mediation and Conciliation Service (FMCS) and the Oregon Employee Relations Board (OERB)

8    before striking so that the assigned mediator can attempt to effect a resolution of the dispute prior

9    to a work stoppage.

10   7.

11   On February 22, 2021, Defendant served a 10-day notice for a mass strike of indefinite

12   duration scheduled to begin at 8 a.m. on March 4, 2021.

13   8.

14   Defendant's notice failed to provide the requisite 30 days' notice of the dispute to FMCS

15   or OREB.  Accordingly, the parties have not had the benefit of mediation to attempt to resolve

16   the contract dispute prior to a work stoppage.

17   9.

18   Upon receiving Defendant's non-compliant strike notice, Plaintiff immediately notified

19   OFNHP and requested a withdrawal of the strike notice.  OFNHP refused.  Plaintiff then filed a

20   charge with the National Labor Relations Board (the "NLRB"), the administrative agency that

21   adjudicates such disputes.

22   10.

23   Upon information and belief, the NLRB will be unable to adjudicate this dispute before

24   Defendant's illegally noted strike date of March 4, 2021.

25   

26   

Page 2 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1      11.

2      If Defendant is allowed to strike before the NLRB issues its ruling, Plaintiff and the

3  general public will be irreparably harmed given the possibility of delays in medical care and

4  vaccine administration.

5                    **FIRST CLAIM FOR RELIEF**

6          **(Violation of the National Labor Relations Act, 29 U.S.C. 158(d)(B))**

7                    12.

8      Plaintiff incorporates Paragraphs 1 through 11 above herein.

9                    13.

10     Defendant failed to comply with the notice requirements under 29 U.S.C. 158(d)(B) of its

11 intent to strike on March 4, 2021.

12                    14.

13     As a result of Defendant's breach, Plaintiff and the community will suffer irreparable

14 harm.

15                    15.

16     Between the date OFNHP issued the strike notice and the date the NLRB rules on

17 Plaintiff's charge, Plaintiff has no adequate remedy at law.

18                    16.

19     Plaintiff is entitled to its reasonable attorney fees incurred in this action, in an amount to

20 be proven at trial.

21     WHEREFORE, Plaintiff prays that the Court enter judgment in favor of Plaintiff and

22 against Defendant as follows:

23     A.      for an injunction enjoining Defendant from going out on strike on March 4, 2021

24 based on it February 22, 2021 non-compliant strike notice; and

25     B.      for such other relief as the Court finds just and equitable.

26

4845-3806-5118v.1 0092854-000019

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1    DATED this 25th day of February, 2021.

2                                    **DAVIS WRIGHT TREMAINE** LLP

3

4                    By _s/ Sarah Ames Benedict_
                        Sarah Ames Benedict, OSB #132675 (Trial Attorney)
5                       sarahames@dwt.com
                        Derek Green, OSB #042960
6                       derekgreen@dwt.com
                        Telephone: (503) 241-2300
7                       Facsimile: (503) 778-5299

8                       Attorneys for Plaintiff St. Charles Health System, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 4 - COMPLAINT

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# Exhibit B

1

2

3

4              IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5                    FOR THE COUNTY OF DESCHUTES

6   ST. CHARLES HEALTH SYSTEM, INC., an
    Oregon nonprofit corporation,
7                                                    Case No.
                    Plaintiff,
8                                                    **PLAINTIFF'S MOTION FOR**
    v.                                               **TEMPORARY RESTRAINING ORDER**
9                                                    **AND ORDER TO SHOW CAUSE WHY**
    OREGON FEDERATION OF NURSES AND                  **PRELIMINARY INJUNCTION**
10  HEALTH PROFESSIONALS, LOCAL 5017,                **SHOULD NOT ISSUE**
    AFT, AFL-CIO,
11                                                   Oral Argument Requested
                    Defendant.
12                                                   Expedited Consideration Requested

13
                 **REQUEST FOR EXPEDITED ORAL ARGUMENT**
14
             Pursuant to UTCR 5.050, plaintiff requests oral argument on this motion as soon as
15
    possible. Plaintiff estimates 30 minutes are necessary. Official court reporting services are not
16
    requested.
17
                                **MOTION**
18
             Pursuant to ORCP 79, plaintiff St. Charles Health System, Inc. ("St. Charles") moves the
19
    Court for an order:
20
             1.      Temporarily restraining Defendant Oregon Federation of Nurses and Health
21
    Professionals, Local 5017, AFT, AFL-CIO ("OFNHP") from striking, pending resolution of the
22
    currently pending charge before the National Labor Relations Board ("NLRB"); and
23
             2.      Directing OFNHP to appear before this Court and to show cause, if any, why the
24
    Court should not grant a preliminary injunction to maintain the status quo while the parties seek
25
    resolution before the NLRB.
26

Page 1 – PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

1    The safety and welfare of the citizens who depend upon St. Charles to provide essential

2    healthcare services will be irreparably harmed if OFNHP is permitted to illegally strike on

3    March 4, 2021.  Further, if OFNHP is permitted to illegally strike before the NLRB can rule on

4    the matter, St. Charles will suffer irreparable harm because it will be forced to reduce its

5    operations at a time when efficient operations are especially critical to the resumption of delayed

6    patient care and state-wide vaccination efforts.  Given the current strain on the healthcare system

7    nationwide, replacement workers are in short-supply and the legally required thirty-day notice

8    period for dispute resolution with the Federal Mediation and Conciliation Service ("FMCS")

9    must be strictly enforced to allow the parties to fully explore whether a work stoppage can be

10    averted.

11    This motion is supported by the accompanying memorandum of law below and the

12    concurrently-filed Declaration of Rebecca Berry.

13                              **POINTS AND AUTHORITIES**

14    **A.    Facts.**

15    The threatened strike by OFNHP would endanger the public health and safety of the

16    Central Oregon communities that St. Charles serves.  As of February 24, 2021, St. Charles

17    continues to ration access to surgical and procedural care.  Declaration of Rebecca Berry ("Berry

18    Decl."), ¶ 8.  St. Charles has a backlog of nearly 1,000 patients waiting for surgical care and has

19    not yet been able to return to any normal volumes.  Berry Decl., ¶ 8.  Early in the pandemic, St.

20    Charles convened a panel of medical staff to be responsible for reviewing patients needing

21    surgical & procedural care.  Berry Decl., ¶ 8.  This process was originally required by the

22    Governor's orders, and St. Charles has continued to rely on this process to ration the limited

23    capacity for this type of care according to clinical acuity and the anticipated risk of death or

24    additional harm to patients without access.  Berry Decl., ¶ 8.  There are many factors limiting its

25    capacity independent of the threatened OFNHP strike, which significantly complicates St.

26    Charles's efforts to care for the community.  Berry Decl., ¶ 8.

4834-2598-3198v.2 0092854-000019                      DAVIS WRIGHT TREMAINE LLP
                                          1300 S.W. Fifth Avenue, Suite 2400
                                               Portland, Oregon  97201-5610
                                         (503) 241-2300 main · (503) 778-5299 fax

1    The main hospital campus is consistently running at or near capacity without the addition

2    of elective inpatient case volumes.  Berry Decl., ¶ 8.  This is being driven by high volumes of

3    acutely ill patients that are hospitalized with conditions that have been exacerbated by delayed

4    care including record numbers of emergent stroke patients.  Berry Decl., ¶ 8.  St. Charles

5    evaluates daily, as a system, bed capacity and how it might transfer patients within the system to

6    receive care.  Berry Decl., ¶ 8.  There has been limited ability to do this based on the continued

7    high census of the other three St Charles hospitals.  Berry Decl., ¶ 8.  Additionally, St. Charles

8    has compounded challenges with length of stay as community skilled nursing and assisted living

9    facilities continue to struggle to admit patients from the hospital setting.  Berry Decl., ¶ 8.

10    In addition to these local factors, St. Charles is also committed to serve as the Regional

11    Resource Hospital for Oregon's Region 7.  Berry Decl., ¶ 8.  As the region's primary trauma

12    center and the largest referral hospital for over 40,000 square miles of the state's geography,

13    maintaining capacity and access for urgent & emergent patient care needs is critical.  Berry

14    Decl., ¶ 8.

15    St. Charles recognizes caregivers' right to strike, but that right must be exercised within

16    the boundaries of the law.  OFNHP sent the defective 29 U.S.C. 158(g) notice (the "8(g) notice")

17    to St. Charles on February 22, 2021.  Berry Decl., ¶ 2.  The notice relates to the approximately

18    150 technical caregivers on the Bend campus currently represented by OFNHP, and threatens a

19    strike of indefinite duration to begin at 8 a.m. on March 4, 2021.  *Id.*

20    **1.    The parties are currently negotiating their first Collective Bargaining
Agreement.**

21

22    OFNHP and St. Charles are negotiating a first Collective Bargaining Agreement

23    ("CBA"), for approximately 150 technical caregivers who were previously non-unionized.  Berry

24    Decl., ¶ 4.  The covered employees include all full time, part time and per diem technical

25    employees in the following job classifications:  all cath lab technologists, certified surgical

26    technologists, CT technologists, echo technologists, nuclear med technologists, neurodiagnostic

Page 3 – PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

1   technologists, radiologic technologists, radiation therapy technologists, respiratory therapists,

2   surgical technologists, ultrasound technologists, vascular/cath technologists, and x-ray

3   technologists.  Berry Decl., ¶ 2.

4         Recognizing the critical importance of healthcare workers to society, the National Labor

5   Relations Act ("NLRA") has special provisions that govern strikes in the healthcare context.  In

6   the case of a dispute over a first CBA (as opposed to a successor CBA with already agreed upon

7   terms), the NLRA requires the union to provide thirty days' notice of a contract dispute to the

8   FMCS, as well as the state counterpart, to provide the parties with the benefit of mediation

9   before a work stoppage occurs.  29 U.S.C. 158(d)(B).  This pre-strike resource is critical to

10  ensuring that negotiations for a first CBA do not result in interruptions in patient care without

11  good faith attempts at consensus.

12        **2.**      **OFNHP failed to comply with the thirty-day notice requirement and**
    **intends to strike on March 4, 2021.**

13

14        OFNHP failed to provide the requisite thirty-day notice of the contract dispute to the

15  FMCS, which would have allowed FMCS to work with the parties to resolve the dispute without

16  a work stoppage.  Instead, OFNHP provided only an 8(g) notice, giving St. Charles ten days to

17  prepare for the strike.  Berry Decl., ¶ 2,  OFNHP knew when the notice issued that the first day

18  of mediated negotiations had already been scheduled for March 10.  Berry Decl., ¶ 4.  Still, it

19  selected a strike date ***before*** the scheduled mediation could occur, presumably because it

20  believed it could obtain wage concessions from St. Charles under the threat of a strike.

21  Importantly, by skipping the thirty-day notice to the FMCS, OFNHP deprived both parties of

22  mediation services that could have resolved the underlying labor dispute prior to any work

23  stoppage.

24        In addition to adding staffing concerns during a critical period when St. Charles is

25  attempting to reduce the backlog of patients waiting for surgical and procedural care, the strike

26  creates heightened risk of virus transmission due to the transportation of replacement workers.

4834-2598-3198v.2 0092854-000019
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1    The threatened strike also jeopardizes the continuity of patient care due to COVID-19 impact on

2    the number of replacement workers able to report for training and orientation consistent with the

3    Governor's emergency order and applicable state and federal guidelines.  Berry Decl., ¶ 3.

4           **3.    The parties have further mediation scheduled, just days after OFNHP**

5                **purports to strike.**

6           The impropriety of OFNHP's proposed strike is further underscored by the fact that the

     parties have long been scheduled for an initial mediation session with the FMCS on March 10,

7    just six days after the strike is to commence.  Berry Decl., ¶ 4.  In other words, rather than wait to

8    determine whether the issues in dispute could be resolved in mediation already agreed-to by

9    OFNHP, OFNHP intends to illegally force a work stoppage without ever giving its members the

10   benefit of FMCS conciliation services.  Moreover, there is no explanation in the strike notice or

11   other communication as to why this strike over wages is necessary, six days before mediation is

12   to occur on these terms.  If wage issues are resolved six days after the strike begins, OFNHP will

13   have suffered no appreciable harm.  Even if there were harm associated with this delay, it may be

14   easily remedied in the negotiations process with back pay demands.  OFNHP's manipulation of

15   the negotiation process comes at the expense of the entire community served by St. Charles.

16

17          **4.    The propriety of OFNHP's March 4 strike notice is already pending**

                **before the NLRB.**

18          St. Charles immediately raised OFNHP's defective strike notice to OFNHP and requested

19   that the defective notice be voluntarily withdrawn.  Berry Decl., ¶ 5.  When OFNHP refused to

20   withdraw the notice, St. Charles filed an unfair labor practice charge with the NLRB, the

21   administrative body responsible for adjudicating this dispute.  Berry Decl., ¶ 6.  St. Charles

22   seeks, among other remedies, a cease and desist order as well as injunctive relief.  *Id.*

23   Unfortunately, it is not possible for the NLRB to act quickly enough to prevent the strike.  Berry

24   Decl., ¶ 7.  It is therefore imperative that this Court issue a temporary restraining order

25   prohibiting any strike activity until the NLRB is able to reach a decision on this unfair labor

26   practice charge and take appropriate action.

4834-2598-3198v.2 0092854-000019                DAVIS WRIGHT TREMAINE LLP
                                          1300 S.W. Fifth Avenue, Suite 2400
                                          Portland, Oregon  97201-5610
                                      (503) 241-2300 main · (503) 778-5299 fax

**5.    St. Charles provides a critical service to the community and continues to experience COVID-19 related strains on its resources.**

St. Charles's ability to provide health care to the community will be severely compromised if this strike of indefinite duration proceeds on March 4.  Berry Decl., ¶ 8.  St. Charles must retain replacement workers to provide continuity of care for the community.  *Id.*  These replacement workers are located throughout the United States and would typically travel to Bend to begin their orientation and transition in advance of the strike.  *Id.*  Given the reduced notice and the COVID-19 travel restrictions, OFNHP has placed community care unnecessarily at risk by cutting short the time that would ordinarily be available to ensure a smooth transition for replacement workers.  Berry Decl., ¶ 9.  Although St. Charles acted immediately to secure replacement workers in the event the strike proceeds on March 4 as planned, it has learned from the Oregon Board of Medical Imaging that out-of-state workers will not be certified by March 4 to work in Bend.  Berry Decl., ¶ 9.  There are insufficient in-state workers, meaning services will be impacted if the strike proceeds.  Berry Decl., ¶ 9.

There is no other hospital in Bend or the surrounding community equipped to provide the full array of services provided by the Medical Center.  Berry Decl., ¶ 10.  Due to the postponement of non-emergency surgeries during the second surge of the COVID-19 pandemic, there is a backlog of patients requiring surgeries and procedures that will be further delayed if the threatened strike commences on March 4.  Berry Decl., ¶ 11.  OFNHP's failure to provide appropriate notice has, among other things, jeopardized the efforts to reduce this backlog to allow patients access to this much awaited and necessary care.  Berry Decl., ¶ 12.

**B.    Standard for a Temporary Restraining Order.**

A temporary restraining order is available "[w]hen it appears that a party is entitled to relief demanded in a pleading, and such relief, or any part thereof, consists of restraining the commission or continuance of some act, the commission or continuance of which during the litigation would produce injury to the party seeking the relief," ORCP 79 A(1)(a), or "[w]hen it appears that the party against whom a judgment is sought is doing or threatens, or is about to do,

4834-2598-3198v.2 0092854-000019                DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1    or is procuring or suffering to be done, some act in violation of the rights of a party seeking

2    judgment concerning the subject matter of the action, and tending to render the judgment

3    ineffectual." ORCP 79 A(1)(b).

4        "[T]he issuance of an injunction requires an 'appreciable threat of continuing harm.'"

5    *Knight v. Nyara*, 240 Or App 586, 597 (2011) (quoting *Bates v. Motor Vehicles Div.*, 30 Or App

6    791, 794, (1977)). Moreover, the purpose of a temporary restraining order or preliminary

7    injunction is to preserve the status quo during the pendency of the case by preventing material

8    injury to rights asserted in the litigation. *State ex rel. McKinley Automotive, Inc. v. Oldham,* 283

9    Or 511, 515, 584 P2d 741 (1978). "[T]he status quo to be preserved should be the last

10   undisputed state of affairs that existed before the events that gave rise to the pending controversy

11   occurred." *Id*.

12           **1.**        **St. Charles is likely to prevail on the merits before the NLRB.**

13       The NLRB is tasked with determining whether OFNHP complied with all notice

14   requirements in issuing its March 4 strike notice. St. Charles is likely to prevail on its charge.

15   Indeed, the plain reading of the applicable statute, 29 U.S.C. 158 ("Section 8"), can lead to no

16   other conclusion. The statute at issue, reads in relevant part:

17

18       •   "A labor organization before engaging in any strike, picketing, or other concerted
     refusal to work at any health care institution shall, not less than ten days prior to

19           such action, notify the institution in writing and the Federal Mediation and
     Conciliation Service of that intention, *except that in the case of bargaining for an*

20           ***initial agreement*** *following certification or recognition the notice required by this
     subsection shall not be given until the expiration of the period specified in clause*

21           *(B) of the **last sentence of subsection (d)**.*" Section 8(g) (emphasis added).

22       •   The last sentence of subsection (d) states: "Where the bargaining is for an ***initial
     agreement*** following certification or recognition, ***at least thirty days' notice*** of

23           the existence of a dispute shall be given by the labor organization ***to the agencies
     set forth in paragraph (3) of this subsection***." Section 8(d)(B) (emphasis added).

24

25       •   Paragraph (3) in turn says: "That where there is in effect a collective-bargaining
     contract covering employees in an industry affecting commerce, the duty to

26

bargain collectively shall also mean that no party to such contract shall terminate or modify such contract, unless the party desiring such termination or modification—… ***notifies the Federal Mediation and Conciliation Service within thirty days after such notice of the existence of a dispute, and simultaneously therewith notifies any State or Territorial agency established to mediate and conciliate disputes within the State or Territory where the dispute occurred***, provided no agreement has been reached by that time." Section 8(d)(3) (emphasis added).

As is apparent from the text, Section 8(g) imposes an ***additional 30-day notice*** requirement when, as here, the parties are negotiating an initial contract.  To satisfy that requirement, the union must provide notice of "a dispute" to both the FMCS and to, in this case, the Oregon Employee Relations Commissions, no fewer than thirty days in advance of the planned strike.  Only after that thirty-day period expires can the union serve the addition ten-day notice required under 8(g).  Because the OFNHP has provided only the ten-day notice and not the predicate thirty-day notice, the union has not complied with all of the notice requirements under 8(g).

OFNHP disputes this interpretation of the Act, contending it need not comply with the additional thirty-day notice for initial contracts, and, in any event, its initial bargaining notice from 2019 at the outset of bargaining satisfies any such requirement.  OFNHP is mistaken.  As the Board explained in *Univ. of Pittsburgh Med. Ctr.*, 317 NLRB 235 (1995):

> "A dispute under Section 8(d)(B) arises not with the initial bargaining demand, but after the Respondent has refused the demand or the parties otherwise fail to reach agreement. The notice requirements of Section 8(d)(B) (and Section 8(g)) are intended to give mediation agencies an opportunity to effect a settlement of such initial contract disputes before a strike or other work action is commenced."

Thus, for purposes of an initial contract, a notice provided to FMCS at the outset of bargaining— and, importantly, before either party has refused to bargain or reach an agreement—is not notice "of the existence of a dispute" for purposes of the 30-day notice requirement.  If it were otherwise, Congress' intent of affording mediation agencies an opportunity to resolve such dispute before strike activity commences in health care settings would be rendered meaningless.

4834-2598-3198v.2 0092854-000019
DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1     It is also worth noting that St. Charles's plain text interpretation is consistent with the

2   NLRB's publicly pronounced interpretation of Section 8(g).  The NLRB's Basic Guide to

3   Collective Bargaining contemplates an "addition[al]" "30-day notice requirement when a dispute

4   arises in bargaining for an initial contract" for health care institutions.  Similarly, the NLRB's

5   website explains that the union violates Section 8(d) and 8(b)(3) by "[e]ngag[ing] in any strike,

6   picketing, or other concerted refusal to work by employees of a healthcare institution without

7   having furnished notice, no less than 10 days before such action, to the institution (in writing)

8   and the Federal Mediation and Conciliation Service of that action.  ***If you are bargaining for an***

9   ***initial agreement, the notice period is no less than 30 days.***"  (Emphasis added).

10     In sum, St. Charles will prevail on this argument before the NLRB.  Unfortunately, given

11   the tight timeframe imposed by the OFNHP's non-compliant strike notice, it is unlikely the

12   NLRB will be able to issue a ruling before the noticed strike date.  An injunction here is St.

13   Charles's only opportunity to avoid irreparable harm.

14          **2.      In the absence of an injunction, there exists an appreciable threat of**

15              **continuing harm to the public.**

16     As discussed above, St. Charles fills a critical role in the community.  The impact that a

17   strike could have on continued operations cannot be overstated.  In addition to a backlog of

18   procedures that has developed during the pandemic, the hospital plays a crucial role ensuring the

19   health and wellbeing of the Bend, Oregon community.  Despite St. Charles's best efforts,

20   replacement workers cannot be certified by the state's Board of Medical Imaging in time to

21   ensure continued operations.  The strike will impact a number of vitally important departments in

22   the hospital, departments that treat critically ill patients.  If allowed to go forward on March 4,

23   treatments in the cath lab, radiology, radiation therapy, respiratory therapy, and many other

24   departments will suffer.

25     The NLRB will determine when OFNHP is legally permitted to strike.  If OFNHP is

26   permitted to commence its strike ***before*** the NLRB is able to issue its injunction, there is the

Page 9 – PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

1    potential for serious harm to the community.

2        **3.    In the absence of an injunction, St. Charles will suffer irreparable**
3              **injury that cannot be compensated by monetary damages.**

4        Although OFNHP seeks to strike over its wage demands, the potential harm to St.

5    Charles's operations – and by extension the entire community – goes far beyond money claims.

6    Indeed, this injunction is the ***only*** way to ensure that the proper authority, the NLRB, is able to

7    consider the rule on this issue before actual harm is caused by the threatened strike.  Unlike pre-

8    pandemic healthcare, replacement workers are in short supply nationwide, and inter-state travel

9    delays makes finding coverage for the striking workers even more difficult.  St. Charles has

10   already confirmed that, despite its best efforts, replacement workers will not arrive by March 4.

11       **4.    The status quo should be preserved until the NLRB can rule.**

12       St. Charles is not seeking a permanent injunction, nor does it claim that workers cannot

13   strike during a pandemic.  To the contrary, St. Charles recognizes caregivers' right to engage in

14   lawful strike activity and the authority of the NLRB over the notice issue raised here.  St. Charles

15   is simply asking that this Court ensure that the proper adjudicating body is able to complete its

16   review and issue its decision in a meaningful way before the irreparable harm that would be

17   caused by this (illegal) strike occurs.  By issuing an injunction this Court ensures that patient

18   care will not be compromised while the NLRB considers the issue.

19   **C.    This Court Should Require No (or Minimal) Security under ORCP 82A.**

20       Under ORCP 82(A)(1)(b)(ii), this Court should not require security accompany its

21   injunction.  Security is not required where "[a] restraining order or preliminary injunction is

22   sought to prevent unlawful conduct when the effect of the injunction is to restrict the enjoined

23   party to available judicial remedies."  This is precisely the situation here.

24       As discussed above, the proposed temporary restraining order merely requires OFNHP

25   proceed in accordance with the decision made by the NLRB.  OFNHP will not be required to go

26   to any expense or effort to comply with this injunction, it will simply be delayed from engaging

4834-2598-3198v.2 0092854-000019            DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1  in a strike on March 4 while the parties work with FMCS to resolve the underlying dispute.

2  Under these circumstances, it is appropriate for the Court to waive the security requirement.  In

3  the event, however, that this Court requires security, plaintiff is ready and able to provide a bond

4  in the amount required by the Court.

5  <center>**CONCLUSION**</center>

6  In light of the foregoing, St. Charles respectfully requests the Court to enter an order

7  restraining OFNHP from striking or issuing another 8(g) notice before the sooner of 1) the

8  NLRB ruling on St. Charles's currently pending charge, or 2) 10 days have elapsed from the

9  issuing of this order.  St. Charles also requests that the order waive the security requirement as

10  permitted by ORCP 82A, and order OFNHP to show cause, if any, why the Court should not

11  grant a preliminary injunction to maintain the status quo until the NLRB can issue its ruling.

12  DATED this 25th day of February, 2021.

13  <center>**DAVIS WRIGHT TREMAINE** LLP</center>

14

15  By  _s/ Sarah Ames Benedict_
       Sarah Ames Benedict, OSB #132675
       sarahames@dwt.com
16     Derek Green, OSB #042960
       derekgreen@dwt.com
17     Telephone: (503) 241-2300
       Facsimile: (503) 778-5299
18

19  Attorneys for Plaintiff St. Charles Health System, Inc.

20

21

22

23

24

25

26

4834-2598-3198v.2 0092854-000019    DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

1

**CERTIFICATE OF SERVICE**

2

     I hereby certify that I served a copy of the foregoing **PLAINTIFF'S MOTION FOR**

3

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY**

4

**PRELIMINARY INJUNCTION SHOULD NOT ISSUE** on:

5

               Sam Lieberman
               AFT Legal Department

6

               555 New Jersey Avenue NW
               Washington, DC 20001

7

               Telephone (202) 368-4596
               Email sam.lieberman@aft.org

8

               Of Attorneys for Defendant

9

☒      by mailing a copy thereof in a sealed, first-class postage prepaid envelope,

10

addressed to said attorney's last-known address and deposited in the U.S. mail at Portland, Oregon on the date set forth below;

11

☐      by causing a copy thereof to be hand-delivered to said attorney's address as

12

shown above on the date set forth below;

13

☐      by sending a copy thereof via overnight courier in a sealed, prepaid envelope,

14

addressed to said attorney's last-known address on the date set forth below;

15

☐      by faxing a copy thereof to said attorney at his/her last-known facsimile number on the date set forth below;

16

☒      by emailing a copy thereof to said attorney at his/her last-known email address as

17

set forth above; or

18

☐      by using electronic transmission of a notice of filing by the electronic filing system provided by the Oregon Judicial Department, Odyssey File and Serve.

19

     Dated this 25th day of February 2021.

20

              DAVIS WRIGHT TREMAINE LLP

21

22

              By: *s/ Sarah Ames Benedict*

23

              Sarah Ames Benedict, OSB #132675
              sarahames@dwt.com

24

              Derek Green, OSB #042960
              derekgreen@dwt.com

25

              Attorneys for Plaintiff St. Charles Health System, Inc.

26

4834-2598-3198v.2 0092854-000019

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

# Exhibit C

1

2

3

4

5          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6              FOR THE COUNTY OF DESCHUTES

7   ST. CHARLES HEALTH SYSTEM, INC., an
    Oregon nonprofit corporation,

8                                                          Case No.
                        Plaintiff,
9                                                          **DECLARATION OF REBECCA**
                                                           **BERRY IN SUPPORT OF**
10      v.                                                 **PLAINTIFF'S MOTION FOR**
                                                           **TEMPORARY RESTRAINING ORDER**
11  OREGON FEDERATION OF NURSES AND                        **AND ORDER TO SHOW CAUSE WHY**
    HEALTH PROFESSIONALS, LOCAL 5017,                      **PRELIMINARY INJUNCTION**
12  AFT, AFL-CIO,                                          **SHOULD NOT ISSUE**

13                      Defendant.

14
        I, Rebecca Berry, declare:
15
        1.      I am the Vice President, Human Resources of St. Charles Health System, Inc., an
16
    Oregon nonprofit corporation.
17
        2.      Attached as **Exhibit 1** is a true and correct copy of the strike notice OFNHP
18
    served on St. Charles on February 22, 2021.  This notice purports to cover approximately 150
19
    technical caregivers at the Bend campus of St. Charles, and threatens a strike of indefinite
20
    duration to begin at 8 am on March 4, 2021.  The covered employees include all full time, part
21
    time and per diem technical employees in the following job classifications:  all cath lab
22
    technologists, certified surgical technologists, CT technologists, echo technologists, nuclear med
23
    technologists, neurodiagnostic technologists, radiologic technologists, radiation therapy
24
    technologists, respiratory therapists, surgical technologists, ultrasound technologists,
25
    vascular/cath technologists, and x-ray technologists.
26

Page 1 – DECLARATION OF REBECCA BERRY ISO MOTION FOR TEMPORARY RESTRAINING

1    3.    The strike jeopardizes the continuity of patient care due to COVID-19's impact on

2    the number of replacement workers able to report for training and orientation consistent with the

3    Governor's emergency order and applicable state and federal guidelines.

4    4.    The parties are currently negotiating their first Collective Bargaining Agreement,

5    and were scheduled for an initial mediation session with the Federal Mediation and Conciliation

6    Service ("FMCS") on March 10, weeks before OFNHP issued its strike notice.

7    5.    St. Charles immediately raised OFNHP's defective strike notice to OFNHP and

8    requested that the defective notice be withdrawn.

9    6.    When OFNHP refused to withdraw the notice, St. Charles filed an unfair labor

10   practice charge with the NLRB, seeking, among other things, a cease and desist order as well as

11   injunctive relief.  Attached as **Exhibit 2** is a true and correct copy of that charge.

12   7.    The NLRB has advised St. Charles that the charge will not be resolved prior to the

13   March 4, 2021 strike date.

14   8.    As of February 24, 2021, St. Charles continues to ration access to surgical and

15   procedural care.  St. Charles has a backlog of nearly 1,000 patients waiting for surgical care and

16   has not yet been able to return to any normal volumes.  Early in the pandemic, St. Charles

17   convened a panel of medical staff to be responsible for reviewing patients needing surgical &

18   procedural care. This process was originally required by the Governor's orders and St. Charles

19   has continued to rely on this process to ration our limited capacity for this type of care according

20   to clinical acuity and the anticipated risk of death or additional harm to patients without access.

21   There are many factors limiting our capacity independent of the threatened OFNHP strike, which

22   significantly complicates our efforts to care for the community.

23    Our main hospital campus is consistently running at or near capacity without the addition

24   of elective inpatient case volumes.  This is being driven by high volumes of acutely ill patients

25   that are hospitalized with conditions that have been exacerbated by delayed care including record

26   numbers of emergent stroke patients.  Daily St. Charles evaluates, as a system, bed capacity and

Page 2 – DECLARATION OF REBECCA BERRY ISO MOTION FOR TEMPORARY RESTRAINING

1    how it might transfer patients within the system to receive care. There has been limited ability to

2    do this based on the continued high census of the other three St Charles hospitals.  Additionally,

3    St. Charles has compounded challenges with length of stay as community skilled nursing and

4    assisted living facilities continue to struggle to admit patients from the hospital setting.

5         In addition to these local factors, St. Charles is also committed to serve as the Regional

6    Resource Hospital for Oregon's Region 7. As the region's primary trauma center and the largest

7    referral hospital for over 40,000 square miles of the state's geography, maintaining capacity and

8    access for urgent & emergent patient care needs is critical.

9         St. Charles's ability to provide health care to the community will be severely

10   compromised if it is not given the full notice to which it is entitled.  St. Charles must retain

11   replacement workers to provide continuity of care for the community. These replacement

12   workers are located throughout the United States and would typically travel to Bend to begin

13   their orientation and transition in advance of the strike, to ensure continuity of care for impacted

14   patients.

15        9.      Given the loss of the thirty day notice of dispute period during which FMCS

16   would have been able to work with the parties to effect resolution and COVID-19 it will be

17   difficult, if not impossible, for St. Charles to find sufficient replacement workers in time for a

18   March 4, 2021 strike.  St. Charles is diligently working to find replacement workers, however

19   received notice on February 25 that the Oregon Board of Medical Imaging will be unable to

20   certify out-of-state workers by the March 4 strike date.

21        10.     There is no other hospital in Bend or the surrounding community equipped to

22   provide the full array of services provided by the Medical Center.

23        11.     OFNHP's failure to provide appropriate notice has jeopardized the surgery

24   schedule and much awaited and necessary care.

25        *I hereby declare that the above statements are true to the best of my knowledge and*

26   *belief, and that I understand that this declaration is made for use as evidence in court and is*

Page 3 – DECLARATION OF REBECCA BERRY ISO MOTION FOR TEMPORARY RESTRAINING

1    *subject to penalty for perjury.*

2         DATED this 25th day of February, 2021.

3

4    _____
     Rebecca Berry

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 4 – DECLARATION OF REBECCA BERRY ISO MOTION FOR TEMPORARY RESTRAINING

4829-7948-6430v.1 0092854-000019                DAVIS WRIGHT TREMAINE LLP
                                        1300 S.W. Fifth Avenue, Suite 2400
                                        Portland, Oregon  97201-5610
                                        (503) 241-2300 main · (503) 778-5299 fax



www.ofnhp.org
itsmyunion@ofnhp.org
(503) 657-9974

<u>VIA ELECTRONIC MAIL</u>

February 22, 2021

Paula Lehmann
Davis Wright Tremaine LLP
929 108th Avenue NE, Suite 1500
Bellevue, WA 98004
E-mail: paulalehmann@dwt.com

Hillary A. Forrest
Director, Human Resources
St. Charles Health System
2500 NE Neff Road
Bend, OR 97701
E-mail: haforrest@stcharleshealthcare.org

       RE:      NLRA § 8(g) Notice of Strike and Picket

Dear Ms. Lehmann & Ms. Forrest:

Pursuant to Section 8(g) of the National Labor Relations Act, the Oregon Federation of Nurses and Health Professionals, Local 5017, AFT, AFL-CIO (hereinafter, the union) is hereby providing notice that it will engage in a strike, picket, and other protected concerted activity at St. Charles Bend, located at 2500 NE Neff Road, Bend, Oregon 97701.

The activity that is the subject of this notice will commence at 8:00 a.m. on Thursday, March 4, 2021.

Copies of this notice are hereby being sent electronically to the Federal Mediation and Conciliation Service and the Oregon Employment Relations Board.

If you have any questions, feel free to contact me at 303-921-0831.

Very truly yours,

David Stylianou
Chief Negotiator

cc:     Federal Mediation and Conciliation Service
        Oregon ERB

FORM NLRB-508
(4-19)

**Please Review the Following
Important Information
Before Filling Out a Charge Form!**

- Please call an Information Officer in the Regional Office nearest assistance in filing a charge. The Information Officer will be happy to answer your questions about the charge form or to draft the charge on your behalf. Seeking assistance from an Information Officer may help you to avoid having the processing of your charge delayed or your charge dismissed because of mistakes made in completing the form.

- Please be advised that not every workplace action that you may view as constitutes an unfair labor practice within the jurisdiction of the National Labor Relations Act (NLRA). Please click on the Help Desk button for more information on matters covered by the NLRA.

- The section of the charge form called, "Basis of Charge," seeks only a brief description of the alleged unfair labor practice. You should **NOT** include a detailed recounting of the evidence in support of the charge or a list of the names and telephone numbers of witnesses.

- After completing the charge form, be sure to sign and date the charge and or deliver the completed form to the appropriate Regional Office.

- A charge should be filed with the Regional Office which has jurisdiction the geographic area of the United States where the unfair labor practice occurred. For example, an unfair labor practice charge alleging that an employer unlawfully discharged an employee would usually be filed with the Regional Office having jurisdiction over the worksite where the employee was employed prior to his/her discharge. An Information Officer will be pleased to assist you in locating the appropriate Regional Office in which to file your charge.

- The NLRB's Rules and Regulations state that it is the responsibility individual, employer or union filing a charge to timely and properly serve a copy of the charge on the person, employer or union against whom such charge is made.

- By statute, only charges filed and served within **six (6) months** of the the event or conduct, which is the subject of that charge, will be processed by the NLRB.

**EXHIBIT 2 TO BERRY DECL.
Page 1 of 2**

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST LABOR ORGANIZATION
OR ITS AGENTS**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

**INSTRUCTIONS**: File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. LABOR ORGANIZATION OR ITS AGENTS AGAINST WHICH CHARGE IS BROUGHT

| a. Name | b. Union Representative to contact |
|---|---|
| Oregon Federation of Nurses & Health Professionals | David Stylianou |

| c. Address (Street, city, state, and ZIP code) | d. Tel. No. | e. Cell No. |
|---|---|---|
| 11560 SW 67th Ave., Suite 100 | 303-921-0831 | |
| Tigard, OR 97223 | f. Fax. No. | |
| | g. e-mail | |
| | dstylian@aft.org | |

h. The above-named labor organization has engaged in and is engaging in unfair labor practices within the meaning of section 8(b) and (list subsections)

  8(b)(3) and 8(d)    of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of

the Act and the Postal Reorganization Act.f

## 2. Basis of the Charge (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

OFNHP issued a non-compliant 8(g) notice for a strike of indefinite duration to commence on March 4 involving a bargaining unit of approximately 150 technical employees. Specifically, OFNHP is negotiating a first contract. OFNHP failed to provide the mandatory 30 day notice of dispute under Section 8(d)(B) to FMCS or the appropriate state agency. St. Charles asked OFNHP to provide documentation that notice was given by noon today. OFNHP has failed to do so. St. Charles seeks immediate 10j relief to prevent this strike until proper notice is given. The urgency of injunctive relief is present where, as here, the pandemic is ongoing, the Employer is engaged in COVID care and running vaccination clinics over three counties.

| 3. Name of Employer | 4a. Tel. No. | b. Cell No. | c. Fax No. |
|---|---|---|---|
| St. Charles Medical Center - Bend | | | |
| | d. e-mail | | |

| 5. Location of plant involved (street, city, state and ZIP code) | 6. Employer representative to contact |
|---|---|
| 2500 NE Neff Rd | Rebecca Berry, Vice President Human |
| Bend, OR 977-1-6015 | Resources |

| 7. Type of establishment (factory, mine, wholesaler, etc.) | 8. Identify principal product or service | 9. Number of workers employed |
|---|---|---|
| General Acute Care Hospital | Medical care | 1000+ |

| 10. Full name of party filing charge |
|---|
| Paula L. Lehmann |

| 11. Address of party filing charge (street, city, state and ZIP code) | 11a. Tel. No. | b. Cell No. | c. Fax No. |
|---|---|---|---|
| 929 108th Ave. NE, Suite 1500, Bellevue WA 98004 | 425-646-6186 | 206-235-5332 | |
| | d. e-mail | | |
| | paulalehmann@dwt.com | | |

### 12. DECLARATION
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

| | | Tel. No. |
|---|---|---|
| *Paula Lehmann* (signature) | Paula Lehmann | 4256466186 |
| | | Cell No. |
| (signature of representative or person making charge) | (Print/type name and title or office, if any) | 206-235-5332 |
| | | Fax No. |
| Address  929 108th Ave. NE, Suite 1500, Bellevue WA 98004   Date 2/23/2021 | | e-mail |
| | | paulalehmann@dwt.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**EXHIBIT 2 TO BERRY DECL.**
**Page 2 of 2**

1        **CERTIFICATE OF SERVICE**

2        I hereby certify that I served a copy of the foregoing **DECLARATION OF REBECCA**

3    **BERRY IN SUPPORT OF PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING**

4    **ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION**

5    **SHOULD NOT ISSUE** on:

6            Sam Lieberman
             AFT Legal Department
7            555 New Jersey Avenue NW
             Washington, DC 20001
8            Telephone (202) 368-4596
             Email sam.lieberman@aft.org
9
             Of Attorneys for Defendant
10

11       ☒        by mailing a copy thereof in a sealed, first-class postage prepaid envelope,
     addressed to said attorney's last-known address and deposited in the U.S. mail at Portland,
12   Oregon on the date set forth below;

13       ☐        by causing a copy thereof to be hand-delivered to said attorney's address as
     shown above on the date set forth below;

14       ☐        by sending a copy thereof via overnight courier in a sealed, prepaid envelope,
     addressed to said attorney's last-known address on the date set forth below;
15

16       ☐        by faxing a copy thereof to said attorney at his/her last-known facsimile number
     on the date set forth below;

17       ☒        by emailing a copy thereof to said attorney at his/her last-known email address as
     set forth above; or
18

19       ☐        by using electronic transmission of a notice of filing by the electronic filing
     system provided by the Oregon Judicial Department, Odyssey File and Serve.
20

         Dated this 25ᵗʰ day of February 2021.
21

         DAVIS WRIGHT TREMAINE LLP
22

         By:  _s/ Sarah Ames Benedict_
23           Sarah Ames Benedict, OSB #132675
             sarahames@dwt.com
24           Derek Green, OSB #042960
             derekgreen@dwt.com
25

         Attorneys for Plaintiff St. Charles Health System, Inc.
26

4829-7948-6430v.1 0092854-000019          DAVIS WRIGHT TREMAINE LLP
                                          1300 S.W. Fifth Avenue, Suite 2400
                                          Portland, Oregon  97201-5610
                                          (503) 241-2300 main · (503) 778-5299 fax