Peter R. Jarvis, OSB #761868
E-mail:peter.jarvis@hklaw.com
Nellie Q. Barnard, OSB # 122775
E-mail: nellie.barnard@hklaw.com
**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300
Fax:  503.241.8014

*Attorneys for Davis Wright Tremaine LLP and Mark
Hutcheson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ST. CHARLES HEALTH SYSTEM, INC., an Oregon nonprofit corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>OREGON FEDERATION OF NURSES AND HEALTH PROFESSIONALS, LOCAL 5017, AFT, AFL-CIO,<br><br>                    Defendants. | Case No. 6:21-cv-00304-MC<br><br>DECLARATION OF MARK HUTCHESON IN SUPPORT OF DAVIS WRIGHT TREMAINE LLP AND MARK HUTCHESON'S OPPOSITION TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE |

I, Mark Hutcheson, declare as follows:

1.      I am a partner at the law firm Davis Wright Tremaine LLP.  I represented St. Charles

Health System, Inc. ("St. Charles") in this matter.  I am over the age of 18 and make this declaration

Page 1 -     DECLARATION OF MARK HUTCHESON IN SUPPORT
OF OPPOSITION TO MOTION FOR SANCTIONS AND
RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO.
6:21-CV-00304-MC

#84144160_v1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

based on my personal knowledge or on the basis of information that has been provided to me. If called to testify to any fact contained within this declaration, I would be competent to do so.

2.    I have been admitted to practice law in the State of Washington for over 50 years. Most of my practice has involved labor and employment law, including but not limited to advising clients on issues that arise under the National Labor Relations Act.  In the course of my practice, I have also had a great many occasions to appear before or otherwise interact with the National Labor Relations Board or NLRB.  I was and am well aware of the broad powers and scope of jurisdiction of the NLRB, and I would not have participated in this matter as I did on behalf of St. Charles if I did not truly and sincerely believe that there was a permissible basis on which to take the positions that I took.

3.    Throughout my more than 50 years in practice, I have never been disciplined or sanctioned by the Washington State Bar Association, by any other bar association or by any court. Before this case, I had not even been the subject of a sanctions motion.

4.    Turning to the events in question, I spent much of the day and evening before the March 2, 2021 Temporary Restraining Order ("TRO") hearing not only preparing witnesses for the evidentiary portion of the hearing but also assisting with negotiations through Defendant Oregon Federation of Nurses and Health Professionals, Local 5017, AFT, AFL-CIO's (the "Union's") counsel, Samuel Lieberman.  The hope, of course, was that if we were successful in resolving the dispute, there would be no need for a hearing.  These negotiations went into the early hours of the morning. For example, the last email I exchanged with Mr. Lieberman was at about 2:30 am Pacific. Unfortunately, the parties were not successful in settling the dispute at that time.

5.    Following the 2:30 am email to Mr. Lieberman, I slept for a few hours and then resumed preparations for the TRO hearing set for 9 am that morning.  Given my lack of sleep, I was not my best for the hearing.  I do not offer this information as an excuse for what frustrated the Court, but as part of the context of which the Court might not otherwise have been aware.

Page 2 -    DECLARATION OF MARK HUTCHESON IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO. 6:21-CV-00304-MC

#84144160_v1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

6.      In the roughly 24 hours that DWT had between the moment that it learned that the NLRB did not have the time or resources to act and the time that DWT first appeared in court on behalf of St Charles, we had to weigh the following:

    a.  We understood that St. Charles believed—particularly in the middle of the pandemic and with little or no ability to obtain licensed replacement workers as needed—that people in need of health care services that St. Charles would otherwise provide could be seriously and irreparably harmed by the proposed strike.

    b.  Based on my own knowledge of the NLRB case law and as a result of conversations with colleagues who were working on this matter with me, we were not aware of any "all fours" Supreme Court cases holding that the NLRB's exclusive jurisdiction over seeking injunctive relief vests before the NLRB issues a complaint and even though the NLRB has stated that it does not have sufficient time to act.  To date, we have not located any such cases.

    c.  Also based on my own knowledge of the NLRB case law and that of my colleagues, we understood that application of so-called *Garmon* preemption is not absolute and that there are times when other considerations can take priority.

    d.  Under this extreme and once-in-a-century pandemic situation, we believed that even though a court might well decline to grant the relief we were requesting on jurisdictional or other grounds, we were entitled to try to seek such relief on our client's behalf.

    e.  One way to think of this is that where, as here, the NLRB is unable to act and where, as here, a serious and irreparable threat to public health is on the immediate horizon, a conclusion that courts can never act—even on a

Page 3 -    DECLARATION OF MARK HUTCHESON IN SUPPORT OF OPPOSITION TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO. 6:21-CV-00304-MC

#84144160_v1

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

temporary basis—creates a sort of legal limbo that should if at all possible be avoided.

7.    Although I did not adequately do so at the time of the hearing, I fully accept responsibility for what DWT and I filed with the Court. I also accept full responsibility for the fact that we did not initially address the jurisdictional questions that arise under Section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j) or application of the Norris-LaGuardia Act, 29 U.S.C. § 107. In the very limited period of time in which we had to put our pleadings together, we focused on perceived harm instead of jurisdictional issues. I wish to explain, however, that it was never my intention or the intention of any of my colleagues to mislead the Court or the Union about the existence or potential significance of these questions. We had no doubt that the Union would raise these issues. Moreover, the Motion for Temporary Restraining Order makes clear the broad powers of the NLRB to act and that our position was limited to seeking temporary relief only until the NLRB could act. We also explained this position further in our reply. And we never expected or intended that we were entitled to *ex parte* relief or that the Union would be denied the opportunity to argue and brief its position on these and other issues before the Court ruled.

I HEREBY DECLARE THAT THE ABOVE STATEMENT IS TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND IT IS MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.

Dated this 19th day of May, 2021 in Cle Elum, Washington.

*s/ Mark Hutcheson*
MARK HUTCHESON

Page 4 -    DECLARATION OF MARK HUTCHESON IN SUPPORT
OF OPPOSITION TO MOTION FOR SANCTIONS AND
RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO.
6:21-CV-00304-MC

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300