Peter R. Jarvis, OSB #761868
E-mail:peter.jarvis@hklaw.com
Nellie Q. Barnard, OSB #122775
E-mail: nellie.barnard@hklaw.com
**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300
Fax:  503.241.8014

*Attorneys for Davis Wright Tremaine LLP and Mark
Hutcheson*

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| ST. CHARLES HEALTH SYSTEM, INC., an Oregon nonprofit corporation, | Case No. 6:21-cv-00304-MC |
| Plaintiff, | SURREPLY TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE |
| v. | |
| OREGON FEDERATION OF NURSES AND HEALTH PROFESSIONALS, LOCAL 5017, AFT, AFL-CIO, | ORAL ARGUMENT REQUESTED |
| Defendant. | |

## INTRODUCTION

Davis Wright Tremaine LLP and Mark Hutcheson (collectively "DWT") respectfully respond

to two new factual assertions raised in Defendant Oregon Federation of Nurses and Health

Professionals, Local 5017, AFT, AFL-CIO's ("OFNHP's") Reply: (1) that "St. Charles knew its TRO

was frivolous," (Reply at 2, (Dkt. 45 at 4)), and (2) that "all St. Charles had to do to avert a strike was

bargain with its employees." (Reply at 16, (Dkt. 45 at 18).)  DWT, joined by Plaintiff St. Charles

Health System, Inc. ("St. Charles"), seeks only to respond briefly to these allegations just made by OFNHP in order to allow the Court to be more fully informed.

### I.    St. Charles Did Not Believe that the Complaint and TRO were Frivolous

DWT has already provided testimony to the effect that it did not believe it took a legally frivolous position by filing the Complaint or seeking the TRO at issue herein. (Hutcheson Decl. ¶¶ 6(b)–(e).) And while it is more than reasonable to assume that DWT discussed this matter with St. Charles at the time, OFNHP nonetheless appears to assert that the point cannot be made without the precise statement from St. Charles, "We did not believe the Complaint or TRO were frivolous."[1] DWT and St. Charles therefore provide the Third Declaration of Rebecca Berry to remove any doubt – St. Charles did not, and still does not, believe the Complaint and TRO were frivolous. (Third Berry Decl. ¶¶ 2, 3.)

### II.    OFNHP's Contention that St. Charles Could Unquestionably Have Avoided a Strike by Bargaining is False

OFNHP asserts that "all St. Charles had to do to avert a strike was bargain with its employees." Reply at 16. OFNHP further asserts that "[w]hen St. Charles finally agreed to come to the table, the strike ended." Reply at 16. Presumably, OFNHP makes these assertions because it believes they are relevant to the question whether DWT and/or St. Charles acted frivolously and impermissibly. Assuming solely for the sake of argument that OFNHP's assertions are relevant, they nonetheless fail to portray what St. Charles and DWT observed and reasonably believed at the time. DWT and St. Charles therefore request and need an opportunity to respond.

For example, DWT and St. Charles can show that the events leading up to and during the strike included the following:

- **December 2020**: The parties had reached tentative agreement on many subjects, but several open issues related to union membership and wages in later years of the contract remained.

---

[1] Of course, the fact that St. Charles received written warnings from OFNHP to the contrary does not mean that St. Charles was not entitled to believe its own counsel.

SURREPLY TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO. 6:21-CV-00304-MC

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#85785943_v3

- **December 3**: St. Charles provided OFNHP a complete "supposal" (a non-binding proposal) with its position on the open issues. (Stylianou Decl. Ex. 10 at 2 (Dkt. 13-10 at 2).)

- **December**: St. Charles cancelled bargaining on December 7 due to the rise in COVID-19 cases. OFNHP stated that "[we] understand given worsening Covid conditions," although noting its disappointment. (Stylianou Decl. Ex. 5 at 1 (Dkt. 13-5 at 1).)

- **December 7**: St. Charles could not bargain that week again due to COVID conditions, but proposed the use of a federal mediator to assist in negotiating the final terms. (Stylianou Decl. Ex. 6 at 1, 2 (Dkt. 13-6 at 1, 2).) St. Charles also offered to continue bargaining. (*Id*. at 2.) OFNHP refused to engage the services of a mediator. (*Id*. at 1.)

- **December 2020 and January 2021**: Deschutes County experienced its first major surge in COVID-19 cases.

- **January 2021:** Surging COVID conditions prevented St. Charles and OFNHP from participating in traditional bargaining sessions because the bargaining team participants were needed for patient care and leadership. However, St. Charles continued to move negotiations forward in good faith with OFNHP by responding to questions and offering to share proposals/supposals via email until traditional negotiations could resume. (Second Declaration of Paula Lehmann ("Lehmann Decl.") ¶ 2.)

- **February 2, 2021**: OFNHP agreed to use a mediator. (Stylianou Decl. Ex. 10 at 7.)

- **February 3**: The mediator offered March 3, 5, and 10 for mediation. (*Id*. at 6, 7.) St. Charles agreed to the March 10 date. (*Id*. at 6.) The mediator then offered February 5 due to a cancelation, but St. Charles' counsel was not available. (*Id*. at 5, 6.)

- **February 4**: A different mediator offered February 22 and 25. (*Id*. at 3.) St. Charles' counsel was not available due to a two week jury trial set to begin on February 22, but offered to discuss other strategies to move the parties along. (*Id*. at 2.) St. Charles'

Page - 3    SURREPLY TO MOTION FOR SANCTIONS AND
RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO.
6:21-CV-00304-MC

HOLLAND & KNIGHT LLP
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#85785943_v3

also had not received a response to the December 3 supposal.  (*Id*.) The mediator held March 10 for the parties. (*Id*. at 4.)

- **February 20**:  St. Charles' counsel asked for additional dates before March 10 due to new availability. The mediator offered March 3, 4, and 5.  (Stylianou Decl. Ex. 11 at 2 (Dkt. 13-11 at 2).)

- **February 22**: OFNHP served its strike notice.  St. Charles had not yet had a chance to respond with its availability for the earlier mediation dates.  (Stylianou Decl. Ex. 12 (Dkt. 13-12).)  This was also the date St. Charles' counsel had previously indicated she would begin a two-week jury trial.  Stylianou Decl. Ex. 10 at 2.)

- **March 1 and 2**: St. Charles worked late into the night to attempt to resolve the open items before the TRO hearing.  (Hutcheson Decl. ¶ 4 (Dkt. 38 at ¶ 4.)  The parties did not settle.  (*Id*.)

- **March 10**: The parties met with a federal mediator as had been planned before the strike notice.  (Second Lehmann Decl. ¶ 3.)

- **March 12**: The parties negotiated a return to work agreement.  (Lehmann ¶ 7 (Dkt. 39 ¶ 7.)

A surge in COVID-19 cases prevented bargaining in December 2020 and January 2021.  Once OFNHP agreed to mediate, St. Charles agreed to the first session for which it was available, and when additional availability arose, sought to move up the mediation date.  But before St. Charles could confirm its availability, and 16 days *before* the date on which the parties had already agreed to mediate, OFNHP served its strike notice.  (Stylianou Decl. Exs. 12, 10 at 4.)  Although St. Charles' resources were already stretched thin by the pandemic response and were stretched further by the strike notice, St. Charles engaged in significant efforts to resolve the parties' dispute both before and during the strike.  (Hutcheson Decl. ¶ 4; Second Lehmann Decl. ¶¶ 2, 3; Stylianou Decl. Exs. 6 at 2, 11 at 2, 10 at 6, 7.) OFNHP's assertion that St. Charles could have prevented the strike, or knew it could have prevented the strike, simply by coming to the table is just not so.

Page - 4       SURREPLY TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO. 6:21-CV-00304-MC

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#85785943_v3

## CONCLUSION

For these reasons as well as those previously stated,[2] DWT submits that sanctions are not warranted.

DATED this 19th day of August, 2021.

HOLLAND & KNIGHT LLP


By: *s/ Peter Jarvis*
　　Peter R. Jarvis, OSB #761868
　　E-mail: peter.jarvis@hklaw.com
　　Nellie Q. Barnard, OSB #122775
　　E-mail: nellie.barnard@hklaw.com
　　601 SW Second Avenue, Suite 1800
　　Portland, OR  97204
　　Telephone:  503.243.2300
　　Fax:  503.241.8014

　　*Attorneys for Davis Wright Tremaine LLP and Mark Hutcheson*

---

[2] For example, OFNHP also contends that DWT's position is prohibited by existing Supreme Court and Ninth Circuit authority.  DWT submits that even leaving aside the question whether Supreme Court (as distinct from Ninth Circuit or other lower court) case law can foreclose a lawyer from arguing in good faith for a change or extension of the law, no party has located a Supreme Court (or Ninth Circuit) case involving the facts present here.  If oral argument is permitted, we will further address OFNHP's contentions about the cases that it cites.

SURREPLY TO MOTION FOR SANCTIONS AND RESPONSE TO ORDER TO SHOW CAUSE:  CASE NO. 6:21-CV-00304-MC

**HOLLAND & KNIGHT LLP**
601 SW Second Avenue, Suite 1800
Portland, OR  97204
Telephone:  503.243.2300

#85785943_v3